IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ANDRE DEON LUCKETT, county jail inmate #73378                          PLAINTIFF

VERSUS                                                    CAUSE NO. 3:13-cv-419-HTW-LRA

TYRONE LEWIS, ET AL.                                                  DEFENDANTS

MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Luckett, an inmate of the Hinds County Detention Center, filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Sheriff Tyrone Lewis, Sergeant Welch, Sergeant Hampton and Sergeant Polk. On July 30, 2013, Plaintiff's request to proceed *in forma pauperis* was granted and he was ordered [9] to file a response to specifically state how each named Defendant violated his constitutional rights. Upon review of the Complaint and Response [10], the Court has reached the following conclusions.

Plaintiff complains that on April 3, 2013, he was moved from the general population in the Hinds County Detention Center at Raymond to the Hinds County Detention Center in Jackson, where he was placed in "protective custody." Compl. [1] at 4. Plaintiff complains that he did not request protective custody and this custody level limits his ability to attend GED classes at the jail. Plaintiff states that he has either sent a "signed waiver" or a "request form" or a letter seeking removal from protective custody to Defendants Welch, Hampton and Polk, but has not received a response. Resp. [10] at 1. As relief, Plaintiff is seeking "punitive damages of a $100,000.00." Compl. [1] at 4.

**I. Analysis**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an

action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

As stated above, Plaintiff complains that he does not want to be in protective custody because he does not like the restrictions on educational programs associated with this classification status. The Court notes that protective custody is a classification level like segregation and it "is normally but not always requested by the inmate himself and the usual purpose of which is to protect the prisoner from being attacked by other prisoners." *Wagner v.*

*Hanks*, 128 F.3d 1173, 1174 (7th Cir. 1997).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when he was placed in protective custody and his ability to attend GED classes was restricted.[1] However, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

The United States Court of Appeals for the Fifth Circuit, applying *Sandin,* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)). When further considering non-disciplinary lockdown and finding it to **not** be an atypical prison experience, the Court noted:

> [e]very state must have somewhere in its prison system single-person cells in which prisoners are sometimes confined not because they have misbehaved but simply because the prison has no other space, wishes to protect some prisoners from others, wishes to keep prisoners isolated from one another in order to minimize the risk of riots or other disturbances . . . and so forth.

*Hernandez v. Velasquez*, 522 F. 3d 556, 563 (5th Cir. 2008)(quoting *Wagner*, 128 F.3d at 1176).

---

[1] Although Plaintiff states in a conclusory manner, that it is "cruel and unusual punishment" to be on "lockdown," he has not stated an arguable claim under the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991)(internal citations omitted)(noting that a prisoner does not have a right to a comfortable prison and only those deprivations which deny "the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.").

The Court finds that Plaintiff's confinement in protective custody since April 3, 2013, is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) (noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*); *see also Griffin v. Vaughn*, 112 F.3d 703 (3d Cir. 1997)(finding prisoner's 15-month (and at the time, potentially indefinite) lockdown was not an atypical or significant hardship).

Likewise, the Court does not find that Plaintiff's inability to attend GED classes while in protective custody to be an atypical or significant hardship of prison life. *See Farr v. Rodriguez*, 255 F. App'x 925, 926 (5th Cir. 2007)(finding inmate's lack of access to work and education programs while housed in administrative segregation was not sufficient to implicate a constitutionally protected liberty interest).[2]  In sum, Plaintiff does not have a constitutionally protected right to a certain classification level, including non-protective custody, or any privileges associated with a certain custody level, including participation in educational programs, while incarcerated.

As a final point, the Court notes that an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005);  *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).  Therefore, to the extent Plaintiff is asserting claims related to

---

[2]*See also Scheanette v. Dretke*, 196 F. App'x 271, 272 (5th Cir. 2006) (finding Plaintiff's claim "that he is being denied his equal protection rights because death row inmates do not have the opportunity to obtain a GED while other inmates do have the opportunity fails because inmates with different housing classifications are not similarly situated.").

how his grievance or request for removal from protective custody was handled within the inmate grievance system, his claims are not cognizable constitutional claims.

## II.  Conclusion

As explained above, Plaintiff's placement in a certain custody level (protective custody) and the restrictions on the availability of educational programs associated with this custody level does not amount to a constitutional deprivation.  Nor does an unfavorable response to a prison grievance amount to a constitutional deprivation.  Therefore, this case is dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[3]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 30TH day of November, 2013.


s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."